**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2390**

J. DOUGLAS BRADLEY,

                                        Plaintiff - Appellant,

        versus

ARLINGTON   COUNTY,   VIRGINIA;   EDWARD   P.
PLAUGHER,

                                        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, District
Judge.  (CA-05-84-1)

Submitted:  May 9, 2006             Decided:  May 24, 2006

Before WILKINS, Chief Judge, and WILKINSON and MICHAEL, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Victor M. Glasberg, Paul Gowder, VICTOR M. GLASBERG & ASSOCIATES,
Alexandria, Virginia, for Appellant.  Ara L. Tramblian, OFFICE OF
THE COUNTY ATTORNEY, Arlington, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Plaintiff J. Douglas Bradley appeals the district court's grant of summary judgment rejecting his discrimination claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (2000). We affirm.

I.

In 2002, J. Douglas Bradley applied for the position of fire fighter/emergency medical technician (FF/EMT) with Arlington County, Virginia. Bradley received an offer of employment in August 2002, conditioned on his passing, inter alia, a mental health examination. The county had contracted with the Law Enforcement Assessment Center (LEAC) to conduct psychological analysis of applicants and give opinions on their mental status. During Bradley's mental examination, he informed a LEAC psychologist that he had suffered from obsessive-compulsive disorder and depression throughout much of his life. LEAC ultimately recommended Bradley with reservations.

After reviewing the LEAC report and talking with LEAC officials, Dr. Linda Hedlund, a county physician, noted that Bradley might not be able to adequately undertake some of the specific duties required of an FF/EMT. Edward Plaugher, the county's fire chief vested with the final hiring decision, believed it was not in the county's interest to hire Bradley as an FF/EMT.

2

He thus rejected Bradley for this position. Bradley reapplied in 2003, but the county again refused to hire him as an FF/EMT for similar reasons.

On January 31, 2005, Bradley brought suit against the county and Plaugher. He asserted, inter alia, that they discriminated against him based on his disability, in violation of the ADA. Bradley voluntarily dismissed Plaugher from this lawsuit. The district court subsequently granted the county's motion for summary judgment, holding that Bradley was not disabled under the ADA. Bradley filed a timely appeal.

## II.

An individual qualifies as disabled under the ADA if he (1) suffers from "a physical or mental impairment that substantially limits one or more of [his] major life activities," (2) has "a record of such an impairment," or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(2) (2000). Bradley contends that, while his mental impairments did not themselves limit any major life activity, the county regarded him as substantially limited in his ability to work.* To succeed on this claim, Bradley must show that the county "perceived [him] to be significantly restricted in [the] ability to perform either a class of jobs or a

---

*We will assume, without deciding, that working is a major life activity. See, e.g., Taylor v. Fed. Express Corp., 429 F.3d 461, 463 (4th Cir. 2005).

3

broad range of jobs in various classes." <u>Rohan v. Networks Presentations LLC</u>, 375 F.3d 266, 277 (4th Cir. 2004) (internal quotation marks omitted). If he can only prove that the county found him unfit to undertake a specialized or particular type of job, his claim will fall short. <u>See</u> <u>id.</u>

Bradley has failed to proffer sufficient evidence that the county viewed him as unable to perform a broad range of jobs or a class of jobs. The evidence only establishes that it may have regarded him as unable to undertake the duties of an FF/EMT. Plaugher, the ultimate decisionmaker, never considered Bradley for any position other than FF/EMT, and Dr. Hedlund expressed concern that Bradley might not be able to fulfill several specific FF/EMT responsibilities. Bradley suggests that the county regarded him as unfit for other public safety jobs, such as police officer, because these jobs employ similar mental health standards and screening. But this is largely speculative. The county's ultimate determination on Bradley's ability to perform as an FF/EMT necessarily depended upon the unique duties of that job, and we cannot conjecture how county officials might evaluate his fitness for another public safety job were he to apply for one.

III.

We affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions

4

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED